Receipt # 064209

ORIGINAL

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
DEC 30 2005
U.S. COURT OF FEDERAL CLAIMS

JOSEPH KEEFE and MARGUERITE KEEFE §
Plaintiffs, §
v. §
UNITED STATES OF AMERICA §
Defendant. §

*05-1402T

CIVIL NO.____________________

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Joseph Keefe and Marguerite Keefe ("Plaintiffs" or the "Keefes") are citizens of the United States of America whose address is 5 Wythe Circle, Southbord, MA, 01772.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1993)

5. Joseph Keefe and Marguerite Keefe filed a timely joint federal income tax return for calendar year 1993 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-6332 and XXX-XX-4937, respectively.

6. Joseph Keefe was a limited partner in Emperor Seedless - 85 Associates ("ES85"), a California limited partnership.

7. On August 26, 2003, the Keefes filed with the IRS a claim for refund of $9,109.00 related to the capital loss they realized upon the termination of ES85.

8. On December 31, 2003, the IRS disallowed that claim.

9. As grounds for recovery, the Keefes restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1993:

A. ES85 was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent

with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interests, this claim is based on the same increase in basis recognized as a capital loss upon the termination of the partnership.

F. The basis adjustment and loss is $26,329.00.

G. The increase in the basis in the partnership interests resulting in this refund claim were adjustments to affected items resulting from the adjustments to partnership items.

H. The Plaintiffs' claim was timely pursuant to §6230(c)(2)(B) because it was made within two years of the relevant court decision or settlement, and it was filed consistent with the IRS's instructions referenced above.

10. Over six (6) months have elapsed since the Keefes filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

11. The Keefes are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1996)

12. Joseph Keefe and Marguerite Keefe filed a timely joint federal income tax return for calendar year 1996 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-6332 and XXX-XX-4937, respectively.

13. Joseph Keefe was a limited partner in ES85.

14. On March 10, 2004, the Keefes filed, in the alternative to the 1993 claim, a claim for refund of $7,372.00 related to the capital loss they realized upon the worthlessness of AMCOR stock distributed to them.

15. On May 17, 2004, the IRS disallowed that claim.

16. As grounds for recovery, the Keefes restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1996:

A. ES85 was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interests, but actually received a stock distribution, this claim is based on the same increase in basis recognized as a capital loss upon realization of the worthlessness of the AMCOR stock.

F. The basis adjustment and loss is $26,329.00.

G. The increase in the basis in the partnership interests resulting in this refund claim were adjustments to affected items resulting from the adjustments to partnership items.

H. The Plaintiffs' claim was timely pursuant to §6511(d) because it was made within seven years of the filing of the original return for 1996, and it is being filed consistent with the IRS's instructions.

17. Over six (6) months have elapsed since the Keefes filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

18. The Keefes are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Joseph Keefe and Marguerite Keefe pray for judgment against the Defendant the United States of America in the amount of $9,109.00 or, in the alternative, for $7,372.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)